UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN B[1],                                          Case No. 1:21-cv-229

      Plaintiff,

                                                           Barrett, D.J.

vs.                                                Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on the Commissioner's motion to remand (Doc. 15) and the Plaintiff's response thereto. (Doc. 16)

The Commissioner seeks an order and judgment reversing the final decision of the Commissioner of Social Security, pursuant to the fourth sentence of 42 U.S.C. § 405(g), with remand to the Commissioner for further administrative proceedings and a new decision. In response to the Commissioner's motion, Plaintiff opposes the proposed remand terms only because they do not shield the agency's October 2021 determination granting Plaintiff disability benefits for the period beginning February 28, 2019, based on disability benefits applications that he filed in October 2020.

However, as noted by the Commissioner the agency's October 2021 determination and the underlying October 2020 benefits applications are not properly before this Court. The instant civil action is limited to Plaintiff's challenge to the ALJ's February 27, 2019 decision (See Tr. 33-46), which adjudicated disability benefits applications that Plaintiff filed in 2016 and 2018. (Tr. 46). As such, that ALJ decision

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

became the Commissioner's final decision regarding the 2016 and 2018 applications when the agency's Appeals Council denied review in March 2020 (Tr. 14). The agency's October 2021 determination and the underlying October 2020 benefits applications are not part of the administrative record filed in the instant civil action. Therefore, the commissioner contends that they are not properly before this Court. E.g., *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). The undersigned agrees.

It is therefore **RECOMMENDED** that the Commissioner's motion to remand (Doc. 15) is herein **GRANTED** and this matter be remanded back to the Agency for a new hearing and new decision so that the ALJ can correct any mistakes related to the February 27, 2019 decision.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| KEVIN B, | Case No. 1:21-cv-229 |
| Plaintiff, | |
| vs. | Barrett, D.J.<br>Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to,and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).